Naber Elec. v Triton Structural Concrete, Inc. (2018 NY Slip Op 02562)





Naber Elec. v Triton Structural Concrete, Inc.


2018 NY Slip Op 02562


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


6275N 651008/17

[*1] Naber Electric, et al., Plaintiffs-Appellants,
v
Triton Structural Concrete, Inc., et al., Defendants-Respondents.


Munzer & Saunders, LLP, New York (Craig A. Saunders of counsel), for appellants.
Diefenbach Law Group, New York (James C. Diefenbach of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 21, 2017, which denied plaintiffs' motion for a default judgment, and granted defendants' cross motion to compel plaintiffs to accept their answer, and deemed the answer timely filed and accepted, unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying plaintiffs' motion and granting defendants' cross motion to compel plaintiffs to accept their answer (CPLR 3012[d]), which was served two weeks late. Defendants' attorney explained that the brief delay in answering resulted from his mistake in calendaring the date the response was due, after he mistakenly requested an extension of time to April 7, rather than May 7. Since defendants' time to answer, without any extension, was April 17th, his mistake should have been apparent to plaintiffs' attorney, who agreed to the requested extension. Defense counsel's inadvertent mistake in calendaring his deadline provided a reasonable excuse for the minimal delay in answering (see Newyear v Beth Abraham Nursing Home, 157 AD3d 651 [1st Dept 2018]; Yea Soon Chung v Mid Queens LP, 139 AD3d 490 [1st Dept 2016]; CPLR 2005).
Although the affidavit of merit provided by defendants' executive lacked any detail concerning their potential defenses to plaintiffs' claims for payment for work performed on three subcontracts, an affidavit of merit is "not essential to the relief sought" by defendants before entry of a default order or judgment (DeMarco v Wyndham Intl., 299 AD2d 209, 209 [1st Dept 2002]; see Nason v Fisher, 309 AD2d 526 [1st Dept 2003]). Accordingly, given the shortness of the delay and absence of evidence of willfulness or prejudice to plaintiffs, as well as the State's policy of resolving disputes on the merits, defendants were properly granted an opportunity to defend plaintiffs' claims on the merits (see e.g. Artcorp Inc. v Citirich Realty Corp., 140 AD3d 417 [1st Dept 2016]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK